# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | |
|---|---|
| JACOB MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:19-cv-00040-TWP-DML |
| | ) |
| RILEY NUNGESTER, Indiana State Police | ) |
| Trooper, BRIAN BEAUCHAMP, Indiana State | ) |
| Trooper, DUSTIN HOUCHIN, and | ) |
| MASON MOSSEY, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed by Defendants Indiana State Trooper Riley Nungester ("Officer Nungester"), Indiana State Trooper Brian Beauchamp ("Officer Beauchamp"), and Washington County Prosecutor Dustin Houchin ("Houchin") (collectively the "State Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6).   (Filing No. 20.) Plaintiff Jacob Mills' ("Mills") Amended Complaint alleges that the State Defendants (and Mason Mossey, a fourth Defendant who has not moved to dismiss) conspired to violate his Fourteenth Amendment rights to due process and equal protection by threatening Mills and perpetuating false testimony and false criminal allegations against him. (Filing No. 18.) The State Defendants move to dismiss, arguing they are not subject to suit in their official capacities under 42 U.S.C. §§ 1983 and 1985, Houchin is immune in his individual capacity, and Officer Nungester and Officer Beauchamp lack personal involvement or are immune under the Indiana Tort Claims Act. (Filing No. 20.) For the following reasons, the State Defendants' Motion to Dismiss is **granted in part and denied in part**.

## I.   <u>BACKGROUND</u>

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Mills as the non-movant.  *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Mills resides in Salem, Indiana.  (Filing No. 18 at 1.)  On October 28, 2016, he was arrested by Officer Nungester and Officer Beauchamp and subsequently charged with Possession of Methamphetamine as a Level 6 Felony, Unlawful Possession of a Syringe as a Level 6 Felony, Possession of Marijuana as a B Misdemeanor, Possession of Paraphernalia as a C Misdemeanor, and Railroad Trespass as a B Misdemeanor. *Id.* at 2-3. Officer Nungester and Officer Beauchamp both have relationships with Mills' ex-husband, and specifically hold personal animus toward Mills and targeted him for arrest on this basis.  *Id.* at 2.

Mills appeared *pro se* at his initial hearing and a public defender was appointed to represent him.  In May 2017, William G. Sleva, Judge of Lawrence Superior Court II, recused himself from the case.  Thereafter, Michael Robbins ("Judge Robbins") was appointed Special Judge and the case was moved from Superior Court II to Superior Court I.  *Id.*  Defendant Houchin, a prosecutor in Washington County, is the uncle of Mills' ex-husband.  *Id.*  Houchin  holds personal animus toward Mills.  *Id.*  Judge Robbins is a retired Judge from Washington County and is friends with Houchin.  Defendant Mason Mossey ("Mossey") was Mills' co-defendant in the criminal case.  *Id.* Judge Robbins, Houchin, and Mossey agreed to work against Mills and produce false testimony against him.  *Id.* at 4.

On June 13, 2017, the Lawrence Public Defender Agency filed a Motion to Substitute Counsel and Bradley Swihart was appointed to represent Mills.  *Id.*  On September 11, 2017, the

parties filed a pretrial diversion agreement with the court. *Id.* Then, on February 1, 2018, the State filed a Motion to Revoke the pretrial diversion agreement. *Id.* While that motion was pending, Houchin, through Mossey's attorney, solicited Mossey to give false testimony against Mills. *Id.* Houchin offered Mossey a plea agreement to testify falsely against Mills, and Mossey accepted. *Id.* Houchin was motivated by his personal animus against Mills and stated that he wanted Mills to go to prison so that Mills "could see what prison was like, as a homosexual man." *Id.* at 4-5.

Eventually, Mossey confessed to Mills and the Lawrence County Court that he had lied during his testimony. *Id.* at 5. Mills informed his counsel about the deal that Mossey was offered to testify against Mills, and counsel contacted the Lawrence County Prosecutors Office regarding Mossey's plea agreement. *Id.* Lawrence County prosecutors then offered to drop all charges against Mills if he completed forty-eight hours of community service. *Id.* Mills agreed to this resolution at a pretrial conference on June 21, 2018. *Id.* On July 26, 2018, the State Defendants filed a Motion to Dismiss the pending criminal charges against Mills. *Id.* at 6.

Mills initiated this action March 5, 2019 and filed an Amended Complaint on June 26, 2019, (Filing No. 18), which the State Defendants moved to dismiss on July 20, 2019. (Filing No. 20.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.   DISCUSSION

The following counts are alleged in the Amended Complaint:

Count 1: Intentional Infliction of Emotional Distress in violation of Indiana Law claims against Houchin and Mossey;

Count 2: Class-Of-One Discrimination in violation of the Fourteenth Amendment under 42 U.S.C. § 1983 claims against Officer Nungester, Officer Beauchamp, and Houchin in their individual capacities;

Count 3: Malicious Prosecution claims against all defendants;

Count 4: Conspiracy to Falsely Prosecute in violation of Indiana Law claims against all defendants;

Count 5:  Violation of Fourteenth Amendment Rights to Due Process and Equal Protection claims against Officer Nungester and Officer Beauchamp in their official and individual capacities and Houchin in his individual capacity; and

Count 6: Conspiracy to Interfere with Civil Rights in violation of 42 U.S.C. § 1985 claims against Officer Nungester and Officer Beauchamp in their official and individual capacities and Houchin and Mossey in their individual capacities.

(Filing No. 18 at 6-17.)

The State Defendants seek dismissal of all claims against Officer Nungester, Officer Beauchamp, and Houchin in their official and individual capacities on several basis. (Filing No. 21 at 2-3.) First, they assert the Court should dismiss claims brought under 42 U.S.C. §§ 1983 and 1985 against them their official capacities because they are not "persons" for purposes of those statutes. *Id.* at 4.  Next, they contend Houchin is entitled to absolute prosecutorial immunity as to all claims. *Id.* at 5. And third, the State Defendants argue Mills has failed to state a claim against Officer Nungester and Officer Beauchamp because they are immune under Indiana law when acting in the scope of their employment and because Mills did not plead sufficient facts to state the involvement of Officer Nungester and Officer Beauchamp in an alleged deprivation of Constitutional rights. *Id.* at 7.  The Court will address each of the State Defendants' arguments separately.

## A.   Official Capacity Claims

The State Defendants seek dismissal of all claims brought under 42 U.S.C. §§ 1983 and 1985 against them in their official capacities because they are not "persons" for purposes of those statutes.  In his response brief, Mills points out that he does not name the State Defendants in their official capacities on the § 1983 claims.  (Filing No. 25 at 3.) He also "relinquishes Defendants Nungester and Beauchamp in their official capacities in Count 6 § 1985 Conspiracy to Interfere with Civil Rights." *Id.* The Court interprets this to mean that Mills has abandoned his official-capacity claims against Officer Nungester and Officer Beauchamp.  Therefore, the State Defendants' Motion to Dismiss is **granted** as to the official-capacity claims against them on claims arising under 42 U.S.C. §§ 1983 and 1985—specifically counts 2, 5, and 6 of the Amended

Complaint.   Those claims are dismissed against the State Defendants only in their official capacities.

### B.     <u>Prosecutorial Immunity</u>

The State Defendants argue that Houchin is entitled to prosecutorial immunity on all claims against him.  (Filing No. 20 at 5.)  "A prosecutor is absolutely immune from suit for all actions and decision undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)).  Whether an action falls within the scope of prosecutorial duties depends upon its function.  *Id*.  "The analysis hinges on whether the prosecutor is, at the time, acting as an officer of the court, as well as on his action's relatedness to the judicial phase of the criminal process." *Id.*

Prosecutorial immunity encompasses quintessentially prosecutorial functions like an out-of-court effort to control a witness' testimony or acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial.  *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016) (quotations and citations omitted).  However, a prosecutor acting in an investigatory manner is not absolutely immune.  *Id.*  "A prosecutor acting in an investigative capacity may claim only the same qualified immunity that protects police officers and other law-enforcement investigators." *Id.*

Indiana law is more protective of the prosecutor than federal law "because it has rejected the Supreme Court's distinction between prosecutorial and administrative or investigative functions for purposes of immunity, as long as the prosecutor is acting within the scope of his or her authority." *Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998).  "When Indiana prosecutors act 'reasonably within the general scope of authority granted' to them, they receive absolute

immunity." *Everling v. Ragains*, 2015 WL 1319707 at *5 (S.D. Ind. Mar. 23, 2015) (quoting *Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979)).

The State Defendants assert that Houchin was engaging in a quintessentially prosecutorial function.  They quote the Amended Complaint, which alleges that Houchin "was assisting in the prosecution of [Mills] outside of his official role of a Washington County Prosecutor." (Filing No. 18 at 4.) Mills also faults Houchin for his role in "offering a plea agreement to [Mossey] in order to obtain his false testimony against [Mills]." *Id.* at 6.  The State Defendants argue that these actions are quintessentially prosecutorial functions that form the basis for immunity.  (Filing No. 21 at 7.)

Mills' response is two-fold. He points out that the underlying criminal matter occurred in Lawrence County, but Houchin is a prosecutor in Washington County, and explains that he has not brought suit against Houchin in his official capacity.  (Filing No. 25 at 4.)  In short, Mills argues that Houchin is not entitled to prosecutorial immunity because he "approached Mills' criminal matter from outside the legal process; therefore, his actions were not intimately associated with the judicial phase of the criminal process." *Id.* (internal quotation marks omitted). Mills implies that, were Houchin a prosecutor in Lawrence County rather than Washington County, or had he sued Houchin in his official capacity, Houchin would be entitled to absolute prosecutorial immunity. *Id.* (noting that he is not suing Lynda Robison, the prosecutor from Lawrence County).

Mills, concedes that his allegations concerning Houchin are based on activities that have a prosecutorial function. It is beyond question that a prosecutor's plea bargaining activities, regardless of motive, warrant absolute immunity. *Rouse v. Stacy*, 478 Fed.Appx. 945, 951 (6th Cir. 2012). But Mills argues Houchin loses his immunity because he acted outside of his

jurisdiction—Houchin engaged in prosecutorial functions in Lawrence County rather than Washington County, where he was elected.

The Court is not persuaded by this argument because Mills fails to support it with any caselaw. The United States Supreme Court has held that prosecutorial immunity jurisprudence focuses exclusively on *function*, rather than *jurisdiction*. *Burns v. Reed*, 500 U.S. 478, 494 (1991).[1]

The Supreme Court has said with regards to judicial immunity, which might be thought of as a first cousin of prosecutorial immunity, that jurisdiction is a prerequisite. In *Stump v. Sparkman*, the Supreme Court instructed that:

> [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction.

435 U.S. 349, 356-57 (1978). It is unclear whether this jurisdictional requirement extends to other state officials such as prosecutors. *Compare Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir. 1999) (applying same broad jurisdictional requirement to prosecutors) *with Ireland v. Tunis*, 113 F.3d 1435, 1443-44 (6th Cir. 1997) (accepting plaintiff's argument that prosecutor's jurisdiction is tied to court's jurisdiction).

Ultimately, it is unnecessary to resolve this issue here, because Mills has not presented a cogent argument that Houchin was exercising prosecutorial power outside of his jurisdiction. Instead, Mills alleges that Houchin was assisting in Mossey's prosecution by engaging in plea negotiations. (Filing No. 18 at 4.) He also alleges that an agreement existed among Houchin, the Lawrence County Prosecutor's Office, and Judge Robbins, a resident of Washington County. *Id.*

---

[1] "The concern with litigation in our immunity cases is not merely a generalized concern with interference in an official's duties, but rather is a concern with the interference with the conduct closely related to the judicial process. Absolute immunity is designed to free the *judicial process* from the harassment and intimidation associated with litigation." (internal citations omitted) (emphasis in original).

Houchin's involvement in Mossey's prosecution does not clearly fall outside the scope of his jurisdiction as Washington County Prosecutor. But Mills does not develop any argument that Houchin acted outside his jurisdiction. He alleges that Houchin "was assisting in the prosecution of Plaintiff outside of his official role of a Washington County Prosecutor." In his response brief, Mills' merely repeats that bare allegation. He does nothing to explain the extent of Houchin's jurisdiction or whether an agreement to assist the prosecutor of another county is consistent with his duties.

It is unclear that Houchin overstepped his jurisdiction. Since Houchin was clearly exercising a prosecutorial function, the Court holds he is entitled to absolute prosecutorial immunity. The State Defendants' Motion to Dismiss is **granted** as to all claims against Houchin.

## C.    State Troopers Officer Nungester and Officer Beauchamp

The State Defendants move to dismiss all remaining claims against Officer Nungester and Officer Beauchamp, arguing Mills has failed to state a claim against them. (Filing No. 21 at 7.) They separate the remaining claims into three categories: [1] state law counts 3 and 4; [2] § 1983 counts 2 and ); and [3] § 1985 count 6. The State Defendants argue counts 3 and 4 should be dismissed because the officers are immune under the Indiana Tort Claims Act. They argue for dismissal of counts 2 and 5 on the grounds that Mills has not pled sufficient personal involvement. *Id.* And they ask for dismissal of count 6, contending Mills has not pled sufficient personal animus on the part of Officer Nungester and Officer Beauchamp. *Id.* at 8.

### 1.    Indiana Tort Claims Act

As noted above, the State Defendants argue Officer Nungester and Officer Beauchamp are immune from counts 3 and 4 of the Amended Complaint under the Indiana Tort Claims Act ("Tort Claims Act"). The Tort Claims Act immunizes certain governmental employees from suits

9

sounding in tort if they were acting within the scope of their employment. Ind. Code § 34-13-3-3. The State Defendants cite subsection 5(b), which states that "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally."

Officer Nungester and Officer Beauchamp were the responding officers during Mills arrest. (Filing No. 18 at 2.) Mills asserts that Officer Nungester and Officer Beauchamp "have personal relationships with Plaintiff's ex-husband," and the two officers "treated Plaintiff differently based upon their personal relationship with Plaintiff's ex-husband." *Id.* Mills further alleges the officers "hold a personal animus and bias against Plaintiff based upon their personal relationships with Plaintiff's ex-husband." *Id.* In Count 3 of the Amended Complaint, Mills alleges that Officer Nungester and Officer Beauchamp "caused a criminal action to be instituted against Plaintiff due to their own personal animus against Plaintiff." *Id.* at 10. However, the Amended Complaint does not explicitly allege that Officer Nungester and Officer Beauchamp were acting outside the scope of their employment when they arrested Mills, nor does it say they were acting within that scope.

The State Defendants argue that the allegations against them merely assert that the two officers were acting within the scope of their employment. (Filing No. 21 at 9.) They characterize anything the Amended Complaint says about them beyond describing the arrest as "nothing more than legal conclusions about how the Officer had 'connections' and how the defendants, generally, acted against the Plaintiff because of their personal animus towards (sic) him." *Id.* Mills responds that "Nungester and Beauchamp had a duty to obey the mandate of legal authority, in this case, by not falsely arresting Plaintiff based on their personal animus and bias against" him. (Filing No. 25 at 6.) According to Mills, because their personal animus "existed outside the scope of their employment," the officers are not protected by the Tort Claims Act.

10

The Court determines that Mills' claims of malicious prosecution and conspiracy to falsely prosecute cannot survive dismissal because the Amended Complaint does not allege facts indicating Officer Nungester and Officer Beauchamp acted outside the scope of their employment. Instead, Mills alleges the two officers acted in bad faith and with malicious intent when arresting him, but that is insufficient under Indiana law.  The only actual *action* attributed to the two officers is their arrest of Mills. Under Indiana law, "[i]f the activity is one in which the individual may engage, i.e., if it is within the individual's general scope of authority, it is 'authorized' within the meaning of the Tort Claims Act, regardless of whether it was done negligently or with improper motive." *Butt v. McEvoy*, 669 N.E.2d 1015, 1018 (Ind. Ct. App. 1996).  As state troopers, Officer Nungester and Officer Beauchamp had the authority to arrest Mills, even if they did so in bad faith or for malicious reasons.  The Court assumes Mills' allegations that the officers had personal relationships with his ex-husband and that they resultingly harbor personal animus against Mills are true for purposes of a motion to dismiss. But the fact that the officers acted in bad faith based on personal animus toward Mills does not strip the officers of immunity under the Tort Claims Act. Therefore, Mills' claims of malicious prosecution and conspiracy to falsely prosecute against Officer Nungester and Officer Beauchamp in their individual capacities are **dismissed**.

## 2.    Personal Involvement under § 1983

Two of Mills' claims arise under § 1983: Count 2—Violation of Fourteenth Amendment Class of One Equal Protection Rights, and Count 5—Violation of Fourteenth Amendment Due Process and Equal Protection Rights. Mills proceeds on each of these claims against Officer Nungester and Officer Beauchamp in their individual capacities. "To establish personal liability in a section 1983 action, the plaintiff must show that the [defendant] 'caused the deprivation of a federal right.'"  *Luck v. Rovenstine*, 168 F.3d 323, 327 (7th Cir. 1999) (quoting *Hafer v. Melo*, 502

U.S. 21,25 (1991)).   In other words, "a plaintiff must plead that each Government-official defendant through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The State Defendants move to dismiss these claims, arguing "Plaintiff's allegations related to his federal claims plead virtually no individualized allegations to show how these particular officers are personally involved." (Filing No. 21 at 11-12.) The Court addresses each claim separately.

a)   <u>Class of One</u>

The Supreme Court has recognized that a plaintiff may bring an equal protection claim alleging that he has been discriminated against as a "class of one"—that is, regardless of his membership in a recognized protected class. *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000). To state a claim for class of one discrimination, the plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564.  "Where a Plaintiff presses a 'class of one' claim against law enforcement officers, however, a heightened showing of improper motive is necessary." *Snyder v. Smith*, 7 F.Supp.3d 842, 861 (S.D. Ind. 2014). Because of resource and time constraints that hinder police officers, "some degree of discretion and 'arbitrary' decision-making is unavoidable." *Id.* "However, police officers' discretion does not extend to discriminating or harassing people; a plaintiff may therefore have a valid equal protection claim where she can show that the differential treatment she received was not only arbitrary, but invidious." *Id.* (internal quotation marks omitted) (citing *Geinosky v. City of Chi.*, 675 F.3d 743, 747 (7th Cir. 2012)).  To state claim for class of one discrimination, the plaintiff must allege that "the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated

to the duties of the defendant's position." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000).

Mills has done so here.  He alleges that the officers arrested him, thereby directly depriving him of his constitutional right to liberty.  (Filing No. 18 at 2.)  He further alleges that their basis for arresting Mills was their personal animus toward him because of the officers' relationship with his ex-husband.  *Id.*  The Amended Complaint explicitly alleges that the two officers "treated Plaintiff differently based on their personal relationships with Plaintiff's ex-husband." *Id.*

These allegations are sufficient to state a claim for class of one discrimination in violation of Section 1983.  The State Defendants' Motion to Dismiss as to count 2 against Officer Nungester and Officer Beauchamp in their individual capacities is **denied**.

### b)       Due Process/Equal Protection

The elements of an equal protection claim are in many ways similar to a "class of one" discrimination claim.  But, rather than discrimination based on "personal reasons," the defendant must have committed discrimination against the plaintiff "based on his membership in a definable class." *Nabozny v. Podlesny*, 92 F.3d 446, 453 (7th Cir. 1996).  Although his Amended Complaint alleges discrimination based on sexual orientation, a protected class, it does not allege that Officer Nungester or Officer Beauchamp committed this discrimination.

Mills does not list homophobia as a motive for Officer Nungester and Officer Beauchamp's deprivation of Mills' constitutional right to equal protection.   He only alleges that they discriminated against him "based on their personal relationships with [his] ex-husband." (Filing No. 18 at 2.)  The Amended Complaint alleges that other actors, specifically Houchin and Mossey's attorney, made homophobic comments related to their decision to prosecute him.  *Id.* at 5.  But for the reasons stated elsewhere in this Order, Houchin has absolute immunity from suit in this case.

Because Mills does not allege that Officer Nungester or Officer Beauchamp discriminated against him based on his membership in a definable class, he has failed to state a claim against them for violation of his Fourteenth Amendment right to Due Process and Equal Protection. Thus, the State Defendants' Motion to Dismiss is **granted** as to those claims.

      **3.**      **Personal Animus under § 1985**

Finally, the State Defendants move to dismiss Mills' claims for conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985 against Officer Nungester and Officer Beauchamp in their individual capacities. Section 1985 prohibits persons from conspiring to deprive any person or class of persons equal protection of the laws for the purposes of discrimination. However, the Seventh Circuit has made clear that "the conspiracy must be motivated by racial, or other class-based discriminatory animus." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Because Mills alleges no class-based discrimination against Officer Nungester or Officer Beauchamp, his claim, even if eventually proven true, would not amount to a violation of Section 1985. Thus, Mills' Section 1985 conspiracy claims against Officer Nungester and Officer Beauchamp in their individual capacities are **dismissed**.

## IV.    CONCLUSION

For those reasons, the State Defendants' Motion to Dismiss, (Filing No. 20), is **GRANTED in part and DENIED in part.** Because he has prosecutorial immunity, the Motion is **granted** as to all claims against Dustin Houchin, and Houchin is **dismissed** as a party. The Motion is **granted** as to all claims against Officer Riley Nungester and Officer Brian Beauchamp in their official capacities only. The Motion is **granted** as to claims arising under state law, the Section 1983 equal protection claims, and the Section 1985 claims against Officer Nungester and Officer Beauchamp in their individual capacities.

The Motion is **DENIED** as to Mills' claims for class of one discrimination under 42 U.S.C. § 1983 against Officer Nungester and Officer Beauchamp in their individual capacities.  These claims remain for trial.  And all of Mills' claims against Defendant Mason Mossey, who did not move to dismiss, remain for trial.

    **SO ORDERED.**

Date:  5/18/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrea Lynn Ciobanu
CIOBANU LAW, PC
aciobanu@ciobanulaw.com

Bryan Findley
INDIANA ATTORNEY GENERAL'S OFFICE
bryan.findley@atg.in.gov

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL'S OFFICE
benjamin.jones@atg.in.gov